UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MALIBU MEDIA, LLC | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 1:13-cv-00162-RJJ |
| | ) |
| v. | ) |
| | ) |
| DON BUI a/k/a HUY H. BUI | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## ANSWER TO AMENDED COMPLAINT

### Introduction

1. This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

**ANSWER:** Admitted.

2. Defendant is a persistent online infringer of Plaintiff's copyrights. Indeed, Defendant's IP address as set forth on Exhibit A was used to illegally distribute each of the copyrighted movies set forth on Exhibit B.

**ANSWER:** It is admitted that without his knowledge or understanding, *de minimis* portions of movies may have been distributed from Defendant's computer by third parties such as Kickass Torrent. In all other respects, denied.

3. Plaintiff is the registered owner of the copyrights set forth on Exhibit B (the "Copyrights-in-Suit.")

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

1

**Jurisdiction And Venue**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition).

**ANSWER:** Admitted.

5. The Defendant's acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District, and therefore this Court has personal jurisdiction over the Defendant because (a) Defendant committed the tortious conduct alleged in this Complaint in this State, and (i) Defendant resides in this State and/or (ii) Defendant has engaged in substantial and not isolated business activity in this State.

**ANSWER:** It is admitted that this Court has personal jurisdiction over Defendant Don Bui, but in all other respects, the allegations of this paragraph are denied.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) the Defendant resides (and therefore can be found) in this District and resides in this State; additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases) because each Defendant or Defendant's agent resides or may be found in this District.

**ANSWER:** It is admitted that this Court has venue, but in all other respects, denied.

**Parties**

7. Plaintiff, Malibu Media, LLC, is a limited liability company organized and existing under the laws of the State of California and has its principal place of business located at 409 W. Olympic Blvd., Suite 501, Los Angeles, CA, 90015.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

8. Don Bui a/k/a Huy H. Bui is the owner of Southside Nails. Comcast identified Southside Nails as being the subscriber of the lP address 68.60.157.141, during the applicable time period. Upon information and belief, Don Bui a/k/a Huy H. Bui was the only person using a computer on a regular basis at Southside Nails.

**ANSWER:** It is admitted that Mr. Bui is the owner of Southside Nails, and has a computer which he uses on a regular basis at Southside Nails. In all other respects, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

**Factual Background**

*I.* *Defendant Used the BitTorrent File Distribution Network To Infringe Plaintiff's Copyrights*

9. The BitTorrent file distribution network ("BitTorrent') is one of the most common peer-to-peer file sharing venues used for distributing large amounts of data, including, but not limited to, digital movie flies.

**ANSWER:** Defendant Bui denies that he ever distributed large amounts of data, including, but not limited to, digital movie files, and personally has no idea as to how BitTorrent works. In all other respects, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

10. BitTorrent's popularity stems from the ability of users to directly interact with each other in order to distribute a large file without creating a heavy load on any individual source computer and/or network. The methodolgy of BitTorrent allows users to interact directly with each other, thus avoiding the need for intermediary host websites which are subject to DMCA take down notices and potential regulatory enforcement actions.

**ANSWER:** Defendant Bui denies that he ever interacted with anyone other than Kickass Torrent and personally has no idea as to how BitTorrent works. In all other respects, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

11. In order to distribute a large file, the BitTorrent protocol breaks a file into many small pieces called bits. Users then exchange these small bits amongst each other instead of attempting to distribute a much larger digital file.

**ANSWER:** Defendant Bui denies having ever exchanged small bits of a file with anyone else and personally has no idea as to how BitTorrent works. In all other respects, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

12. After the infringer receives all of the bits of a digital media file, the infringer's BitTorrent client software reassembles the bits so that the file may be opened and utilized.

**ANSWER:** Defendant Bui denies being an infringer and personally has no idea as to how BitTorrent works. In all other respects, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

13. Each bit of a BitTorrent file is assigned a unique cryptographic hash value.

**ANSWER:** Defendant Bui has no personal idea of how BitTorrent works. In all other respects, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

14. The cryptographic hash value of the bit ("bit hash") acts as that bit's unique digital fingerprint. Every digital file has one single possible cryptographic hash value correlating to it. The BitTorrent protocol utilizes cryptographic hash values to ensure each bit is properly routed amongst BitTorrent users as they engage in file sharing.

**ANSWER:** Defendant Bui denies having ever engaged in file sharing and personally has no knowledge of how BitTorrent works. In all other respects, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

15. The entirety of the digital media file also has a unique cryptographic hash value ("file hash"), which acts as a digital fingerprint identifying the digital media file (e.g. a movie). Once infringers complete downloading all bits which comprise a digital media file, the BitTorrent software uses the file hash to determine that the file is complete and accurate.

**ANSWER:** Defendant Bui denies being an infringer and denies having downloaded "all bits which comprise a digital media file." Defendant Bui also denies having any personal knowledge of how BitTorrent works. Defendant admits that Kickass Torrent directed his computer to download movies to it. In all other respects, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

16. Plaintiff's investigator, IPP Limited, established a direct TCP/IP connection with the Defendant's IP address as set forth on Exhibit A.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

17. IPP Limited downloaded from Defendant one or more bits of each of the digital movie files identified by the file hashes on Exhibit A.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

18. Each of the cryptographic file hashes as set forth on Exhibit A correlates to copyrighted movies owned by Plaintiff as identified on Exhibit B.

**ANSWER:** Defendant Bui denies having any personal knowledge of how BitTorrent software works. In all other respects, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

19. IPP Limited downloaded from Defendant one of more bits of each file has listed in Exhibit A. IPP Limited further downloaded a full copy of each file hash from the BiTorrent file distribution network and confirmed through independent calculation that the file hash matched what is listed on Exhibit A. IPP Limited then verified that the digital media file correlating to each file hash listed on Exhibit A contained a copy of a movie which is identical (or alternatively, strikingly similar or substantially similar) to the movie associated with that file hash on Exhibit A At no time did IPP Limited upload Plaintiff's copyrighted content to any other BitTorrent user.

**ANSWER:** Defendant Bui denies having any personal knowledge of how BitTorrent software works. In all other respects, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

20. IPP Limited downloaded from Defendant one or more bits of each digital media file as identified by its hash value on Exhibit A. The most recent TCP/IP connection between IPP and the Defendant's IP address for each file hash listed on Exhibit A is included within the column labeled Hit Date UTC. UTC refers to Universal Time which is utilized for air traffic control as well as computer forensic purposes.

**ANSWER:** Defendant Bui denies having any personal knowledge of how BitTorrent software works. In all other respects, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

21. An overview of the Copyrights-in-Suit, including each hit date, date of first publication, registration date, and registration number issued by the United States Copyright Office is set forth on Exhibit B.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

22. IPP Limited has also engaged in enhanced surveillance of other digital media files being distributed by Defendant. The results of this more intensive surveillance are outlined in Exhibit C. The Copyrights-in-Suit are solely limited to content owned by Plaintiff as outlined in Exhibit B. Exhibit C is provided for evidentiary purposes only.

**ANSWER:** Defendant Bui denies having ever distributed any digital media files. In all other respects, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

23. As the subscriber in control of the IP address being used to distribute Plaintiffs copyrighted movies, Defendant is the most likely infringer. Consequently, Plaintiff hereby alleges Defendant is the infringer. Plaintiff has included as Exhibit D a solicitation of exculpatory evidence in the event that Defendant chooses to deny the allegations.

**ANSWER:** Defendant Bui denies having ever distributed or had any knowledge of any distribution of Plaintiff's copyrighted movies. Defendant Bui denies being an infringer. In all

7

other respects, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

24. Defendant is the only person who can be identified as the infringer at this time.

**ANSWER:** Defendant Bui denies being an infringer of any copyrights, and denies being the only person who can be identified as the infringer, since it is obvious that the infringer is Kickass Torrent.

### Miscellaneous

25. All conditions precedent to bringing this action have occurred or been waived.

**ANSWER:** Defendant Bui denies having waived any rights or conditions precedent. In all other respects, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

26. Plaintiff has retained counsel and is obligated to pay said counsel a reasonable fee for its services.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

### COUNT I
### Direct Infringement Against Don Bui a/k/a Buy H. Bui

27. The allegations contained in paragraphs 1-26 are hereby re-alleged as if fully set forth herein.

**ANSWER:** The answers contained in paragraphs 1-26 above are hereby incorporated as if fully set forth herein.

28. Plaintiff is the owner of the Copyrights-in-Suit, as outlined in Exhibit B, each of which covers an original work of authorship.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

29. By using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit.

**ANSWER:** Defendant Bui denies having copied or distributed any copyrighted work or constituent elements thereof.

30. Plaintiff did not authorize, permit or consent to Defendant's distribution of its works.

**ANSWER:** Defendant Bui denies having distributed any of Plaintiff's works.

31. As a result of the foregoing, Defendant violated Plaintiff's exclusive right to:

(A) Reproduce the works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

(B) Redistribute copies of the works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

(C) Perform the copyrighted works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the works' images in any sequence and/or by making the sounds accompanying the works audible and transmitting said performance of the works, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publically" perform); and

(D) Display the copyrighted works, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the works nonsequentially and transmitting said display of the works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publically" display).

**ANSWER:** Denied in all particulars.

32. Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

**ANSWER:** Denied.

## AFFIRMATIVE DEFENSES

**Factual Background**

1. Defendant Bui is a Vietnamese individual who has become a naturalized American citizen.

2. Defendant Bui speaks basic but imperfect English, as it is a second language to him.

3. A friend of Mr. Bui's indicated to him that free movies could be ordered from a web site called "Kickass Torrent." The friend downloaded BitTorrent software into Mr. Bui's computer and earmarked the Kickass Torrent web site.

4. When Mr. Bui wanted to order a movie, he went to the Kickass Torrent web site and ordered the movie which he wanted.

5. Mr. Bui did not believe and does not now believe that he was doing anything wrong in ordering movies from Kickass Torrent. He does realize as a result of this suit being filed that Kickass Torrent was distributing illegally copied movies to him.

6. When Mr. Bui learned from the Complaint that Kickass Torrent was not an authorized provider of movies, he removed all movies he had ordered from them from his computer, removed the BitTorrent software from his computer, and removed the Kickass Torrent earmark from his computer. Mr. Bui contacted Plaintiff's counsel in an effort to settle this matter, and believes he may have informed him that he had made such deletions.

**Specific Defenses**

7. Mr. Bui has never made copies of any movies. The movies which he ordered were originally copied from DVDs by unknown third parties. Kickass Torrent then copied these movies which Mr. Bui ordered by directing Mr. Bui's computer to locate and assemble bits of those movies into the complete movie.

8. Kickass Torrent made infringing copies of the movies Mr. Bui ordered, not Mr. Bui.

9. Mr. Bui is like any customer who unwittingly acquires a DVD movie which is an unauthorized copy of a copyrighted movie. The supplier of the pirated movie simply loads it into the customer's shopping bag. Kickass Torrent loads the copied movie into the customer's computer. Kickass Torrent is the infringer, not the unwitting Defendant, Mr. Bui.

10. Mr. Bui has never distributed any movies or pieces thereof to anyone else. To the extent that BitTorrent software allows others, such as Kickass Torrent, to take bits and pieces of movies which are on Mr. Bui's computer and assemble them with other bits and pieces into additional infringing copies, this activity was totally unknown to Mr. Bui. Mr. Bui is like an individual from whom things are stolen without his knowledge.

11. To the extent that small bits of movies were misappropriated from Mr. Bui's computer by Kickass Torrent or others, such small bits would constitute *de minimis* infringement.

12. To the extent that small bits of movies were distributed from Mr. Bui's computer, such distribution was automatic, unknown to Mr. Bui, and without volition on his part.

13. Mr. Bui is neither an infringer nor a willful infringer.

11

14. While Mr. Bui denies infringement, if he were found erroneously to be an infringer, he is an innocent infringer.

15. Plaintiff knows that Kickass Torrent is the infringer in this case. Rather than sue Kickass Torrent and companies like it, Plaintiff prefers to attempt to coerce settlements out of people like Defendant, who is an innocent victim of infringement by others.

WHEREFORE, Defendant Don Bui seeks the following relief:

(A) A finding that Defendant has not infringed the copyrights owned by Plaintiff;

(B) Dismissal of Plaintiff's Complaint with prejudice;

(C) A finding that Plaintiff has pursued this action against Mr. Bui in bad faith, rather than suing the actual infringer, Kickass Torrent;

(D) An award of all attorney fees and costs;

(E) Such further relief as this Court deems just and proper.

**DEMAND FOR A JURY TRIAL**

Defendant hereby demands a trial by jury on all issues so triable.

                                        Respectfully submitted,

                                        MITCHELL INTELLECTUAL PROPERTY LAW, PLLC

By:       /s/ James A. Mitchell
                                        James A. Mitchell (P17832)
                                        1595 Galbraith Avenue SE
                                        Grand Rapids, MI 49546
                                        Tel: 616/965-2430
                                        Cell: 616/540-2677
                                        Email: jamitchell@mitchelliplaw.com

                                        Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 20, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties though this system.

By:       /s/ James A. Mitchell
                                        James A. Mitchell