UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF MICHIGAN

MALIBU MEDIA, LLC            )
                             )
       Plaintiff,            )  Civil Action No. 1:13-cv-00162-RJJ
                             )
v.                           )
                             )
DON BUI a/k/a HUY H. BUI     )
                             )
       Defendant.            )
_____)

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO HOLD ALTERNATIVE DISPUTE RESOLUTION**

Defendant Don Bui opposes Plaintiff's Motion for an Extension of Time Within Which to Hold Alternative Dispute Resolution in the above case. Plaintiff has previously agreed to forego ADR altogether, and has done almost nothing to advance the prosecution of this case since. Discovery is now closed, and there is no justification for Plaintiff's change of heart about ADR, and no justification for allowing Plaintiff more time.

1. On August 12, 2013, the Court ordered ADR Case Evaluation to be coordinated by Plaintiff no later than March 31, 2014 (Order of Referral, Document No. 21, para. 2, Ex. A).

2. On October 19, 2013 (Ex. B email string), I suggested to Plaintiff's counsel, Mr. Nicoletti, that we ask the Court to forego the ADR Order, in view of the fact that Defendant acknowledged that the movies complained of were downloaded to Mr. Bui's computer, though they were not copied and downloaded by Mr. Bui. Accordingly as pointed out in my email of Oct 19, the issues in this case are as follows:

1

  a)  who made the copy on Mr. Bui's computer, Mr. Bui or Kickass Torrent?

  b)  if Kickass Torrent, was Mr. Bui a joint tortfeasor, or was he innocent and ignorant of any wrongdoing?

  c)  damages, if any.

  (Email of October 19, 2013 in the Ex. B email string).

3. Mr. Nicoletti replied on Monday, October 21, 2013 that he agreed that Case Evaluation would be a waste of time, pointed out that we needed an Order/Stipulation and asked if Defendant was going to prepare it. (Ex. B email string.)

4. I replied on the same day, Monday, October 21, 2013, requesting that Plaintiff's counsel prepare the Stipulation (Ex. C).

5. Plaintiff never did prepare such a Stipulation and in fact has done nothing to further prosecution of this case except for the following:

  a.  filed a corrected Rule 26(a) Disclosure on October 25, 2013;

  b.  requested a ninety (90) day Extension of Time within which to file Plaintiff's Expert Report, which Defendant agreed to;

  c.  responded to Defendant's Discovery Requests on December 20, 2013.

6. Plaintiff has done nothing else to prosecute this case. Plaintiff has not filed Expert Reports. Plaintiff has taken no further discovery. Plaintiff never responded to our request for more information concerning our discovery requests, which we emailed on December 20, 2013 (Ex. D). Discovery in this case closed on March 31, 2014.

It would be totally inappropriate under these circumstances to afford a further extension of time for conducting alternative dispute resolution. Defendant in any event would be unable to pay for the services of the case evaluators in connection with such an alternative dispute case evaluation.

In view of the foregoing, it is respectfully requested that Plaintiff's Motion for additional time within which to pursue alternative dispute resolution be denied.

                    Respectfully submitted,

                    MITCHELL INTELLECTUAL PROPERTY LAW, PLLC

By: /s/ James A. Mitchell
James A. Mitchell (P17832)
1595 Galbraith Avenue SE
Grand Rapids, MI 49546
Tel: 616/965-2430
Cell: 616/540-2677
Email: jamitchell@mitchelliplaw.com

Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on al counsel of record and interested parties through this system.

By: /s/ James A. Mitchell
James A. Mitchell

3