UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT MICHIGAN

| | |
|---|---|
| MALIBU MEDIA, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DON BUI a/k/a HUY H. BUI, ) <br> ) <br> Defendant. ) <br> ) | Civil Action Case No. 1:13-cv-00162-RJJ |

**PLAINTIFF'S MOTION TO STRIKE THE DECLARATIONS OF DOUGLAS KELLY AND JASON SMITH FILED IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 56 hereby moves for entry of an order striking the declarations of Douglas Kelly ("Kelly") and Jason Smith ("Smith"), and in support hereof states:

### I. INTRODUCTION

Neither declarant is an expert qualified by knowledge, skill, training, experience, or education relating to BitTorrent and therefore the declarations should be stricken. Indeed, the extent of the declarants' knowledge of BitTorrent is a single self-serving statement that each is "familiar" with the BitTorrent protocol. Apparently, the declarants' familiarity is based upon a web article from the "How Stuff Works" website. As such, the declarants testimony is based on inadmissible hearsay. And, both declarants assert erroneous factual statements regarding how the BitTorrent protocol operates due to their limited knowledge of the relevant information. Additionally, the declarations contain improper speculation regarding the Kickass Torrents website and also *ad hominem* attacks on Plaintiff – neither of which is proper or admissible in opposition to Plaintiff's Motion for Summary Judgment. For the foregoing reasons, as explained

1

more fully below, Plaintiff respectfully requests this Court strike the improper declarations filed in support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment.

## II. LEGAL STANDARD

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "An affidavit that does not satisfy these requirements is subject to a motion to strike and will not be considered by the Court in ruling upon a motion for summary judgment." *Giles v. Univ. of Toledo*, 241 F.R.D. 466, 469 (N.D. Ohio 2007). "In order for inferences, thoughts, and opinions to be properly included in a Rule 56 affidavit, they must be premised on firsthand observations or personal experience, and established by specific facts." *Id.* (*citing Buchanan v. City of Bolivar,* 99 F.3d 1352, 1355 n. 2 (6th Cir.1996); *Harrah's Entertainment, Inc. v. Ace American Ins. Co.,* 100 Fed.Appx. 387, 394 (6th Cir.2004) (a court should strike affidavits that do nothing more than reach legal conclusions); *Drake v. Minnesota Min. & Mfg. Co.,* 134 F.3d 878, 887 (7th Cir.1998) ("[a]lthough 'personal knowledge' may include inferences and opinions, those inferences must be substantiated by specific facts")). Further, "[i]t is well established that a court may not consider hearsay when deciding a summary judgment motion." *Tranter v. Orick*, 460 F. App'x 513, 514 (6th Cir. 2012).

## III. THE DECLARATIONS FILED IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS ARE IMPROPER

### A. The Declarants Are Not Experts With Knowledge, Skill, Experience, Training or Education Relating to BitTorrent

"As the gatekeeper of expert testimony, the court must ensure that all expert testimony is reliable and relevant. First, the court must determine whether the proposed expert is qualified by

knowledge, skill, experience, education, or training. Second, the court must analyze whether the expert's underlying reasoning or methodology is scientifically valid." *Hoganson v. Menard, Inc.*, 567 F. Supp. 2d 985, 989 (W.D. Mich. 2008). Here, Defendant failed to establish that either Kelly or Smith is qualified as an expert through "knowledge, skill, experience, training or education" as required by Fed. R. Evid. 702. Specifically, the only assertion by Kelly regarding his knowledge of the BitTorrent protocol is "I am familiar with file sharing software, including BitTorrent file sharing software." CM/ECF 34-2, at ¶ 1. Kelly's resume fails to mention BitTorrent or anything directly related to BitTorrent. CM/ECF 34-3. Smith's declaration and resume are similarly lacking. Smith asserts only, "I am familiar with BitTorrent software." CM/ECF 34-8, at ¶ 2. His resume also fails to mention BitTorrent or anything directly related to it. Additionally, neither declarant has testified in any other cases in the last four years and neither has been published in the last ten years.

Despite these deficiencies, both declarants dedicate their nearly identical declarations to the operation of the BitTorrent protocol and both render the improper and erroneous opinion that "the copy is made by the provider, not by the customer[,]" and that the Defendant has not "reproduced or distributed copies of Plaintiff's works which are the subject of this litigation." CM/ECF 34-2, at ¶ 2; CM/ECF 34-8, at ¶ 3. The declarants fail to state the basis for these opinions and the assertions they make regarding the operation of the BitTorrent protocol. To the extent that both rely on "the 'How Stuff Works' web article written by Carmen Carmack," the article is clearly hearsay not falling within any of the exclusions or exceptions. CM/ECF 34-2, at ¶4; CM/ECF 34-8, at ¶ 5.

Hearsay is a statement that, "the declarant does not make while testifying at the current trial or hearing; and a party offers in evidence to prove the truth of the matter asserted in the

3

statement." Fed. R. Evid. 801(c)(1-2). The How Stuff Works article falls within this definition. *See e.g. Tolliver v. Fed. Republic of Nigeria*, 265 F. Supp. 2d 873, 876 (W.D. Mich. 2003) (striking improper exhibits filed in support of motion for summary judgment stating, "[p]laintiffs have also offered a number of 'internet' documents as exhibits. The documents are simply news postings on the internet. Those documents are rife with hearsay and were not properly authenticated by persons with personal knowledge. Therefore, those documents will be stricken since they do not constitute proper evidence under Rule 56(e).") "It is well established that a court may not consider hearsay when deciding a summary judgment motion." *Tranter v. Orick*, 460 F. App'x 513, 514 (6th Cir. 2012).

Because declarants fail to demonstrate that they are experts qualified through knowledge, skill, experience, training, or education and the "underlying reasoning or methodology" on which their opinions are based are "scientifically valid," the Court should strike the subject declarations. *Hoganson v. Menard, Inc.*, 567 F. Supp. 2d 985, 989 (W.D. Mich. 2008).

### B. The Declarations Do Not Satisfy the Second Prong of Fed. R. Evid. 702

Neither declarant's testimony satisfies the second prong of Rule 702 of the Federal Rules of Evidence. Rule 702 provides that a qualified expert may testify only if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

*Id.* First, as stated above, neither declarant is a qualified expert entitled to testify as such in the instant lawsuit. Next, the declarants have failed to demonstrate that their testimony regarding the operation of the BitTorrent protocol is based on "sufficient facts or data" – outside of a single

4

web article on the "How Stuff Works" website. Further, the declarants have clearly misconstrued the limited data on which their opinions are based. The declarants base their opinion on the proposition that "[n]o copy of the movie could be made without the provider, Kickass Torrent[,]" and that "[w]hile the customer's computer is used to assemble the movie bits into a movie, this assembly is caused by the provider, not by the customer." CM/ECF 34-2, at ¶¶ 9-10; CM/ECF 34-8, at ¶¶ 10-11. Both declarants also erroneously claim that a "tracker" is the same as a "provider" and that, in this case, Kickass Torrents was the provider. *See* CM/ECF 34-2, at ¶ 3,4; CM/ECF 34-8, at ¶ 4, 5. The declarants are wrong. Numerous courts around the country have spent an enormous amount of time and energy understanding how BitTorrent works. For example, Judge Randon of the Eastern District of Michigan provided a detailed explanation of how BitTorrent works "[f]or the technologically challenged[.]" *Patrick Collins, Inc. v. John Does 1-21*, 282 F.R.D. 161, 162 *report and recommendation adopted,* 286 F.R.D. 319 (E.D. Mich. 2012). Significantly, Judge Randon correctly noted that a torrent site, like Kickass Torrents, is not the same as a "tracker." Kickass Torrents is one of many sites that indexes ".torrent" files. The tracker is part of the ".torrent" file and it tells the BitTorrent user where to get the various pieces of the file. Kickass Torrents does not possess a copy of the file; all it does is tell a peer where to get the ".torrent" file. Even the Kickass Torrents website itself states "KickassTorrents is not a tracker and hosts no content, we provide only access to already available torrents in a same way Google and other search engines do." [1]

> Users of the BitTorrent protocol download and install the BitTorrent program . . . onto their computers and then search the internet for a unique '.torrent' file . . . After downloading the relatively small Torrent, the Torrent directs the Client Program to the location and identity of the pieces of the desired file (or Work) by way of a tracker . . . The Client Program then downloads the pieces of the file from other BitTorrent users and stores them locally on the user's computer.

---

[1] From http://kickass.to/about/ (last accessed July 8, 2014).

*Id.* at 164 (citations omitted). Indeed, Your Honor has also previously also noted that torrent sites only contain torrent files, not copies of the movies themselves. *See Malibu Media, LLC v. John Does 1-31*, 297 F.R.D. 323, 324 (W.D. Mich. 2012) ("[a]fter a torrent file is created, the initial seeder uploads it onto a torrent site.") *See also Malibu Media LLC v. Doe*, 2013 WL 3945978, at *1 (E.D. Mich. 2013) ("a .torrent file is a small file containing the file name, the IP address of the tracker, the number of and size of the pieces, and the hash identifier unique to the pieces of that particular torrent file.")

Because of the limited hearsay data on which the declarants' opinions are based and the blatant factual errors asserted by the declarants, neither has demonstrated that their opinion (that the torrent site is the one that makes the copies and not the Defendant) is the product of reliable principles and methods. And, neither can show that they reliably applied any such principles and methods to the facts of this case. That Kickass Torrents helps facilitate the creation of the infringing copy on Defendant's computer does not mean that only Kickass Torrents is liable and not Defendant. As stated in Plaintiff's Motion for Summary Judgment, although the website used by Defendant to locate and download Plaintiff's movies unlawfully may be secondarily liable, it is in no way directly liable. *Defendant* is directly liable because he initiated and completed the steps necessary to use the BitTorrent protocol to reproduce and distribute an unlawful copy of Plaintiff's movies. The declarants' baseless insistence to the contrary is facially erroneous.

Regardless, even if the declarants' version of the facts were correct, which they are not, it would not excuse or justify Defendant's infringement. To be clear, Plaintiff sued Defendant for the wrongful creation of copies of Plaintiff's Works and the wrongful distribution of those Works. The copies were made after all of the pieces of the file were reassembled by Defendant's

BitTorrent client program. The distribution occurred by Defendant when he was a member of the swarm. Defendant sent pieces of Plaintiff's movies to peers in the swarm. Plaintiff knows with 100% certainty that this occurred because Plaintiff's investigator recorded numerous such transactions. During each such transaction Defendant sent Plaintiff's investigator infringing pieces of Plaintiff's copyrighted works directly. Thus, Defendant is clearly liable for his acts of direct copyright infringement.

### C. The Bases of the Declarant's Testimony Does Not Satisfy Fed. R. Evid. 703

The declarations also fail under Fed. R. Evid. 703. Under Rule 703 "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." Here, neither declarant has personally observed any facts or data related to this case. Thus, neither can properly assert the opinion that Defendant did not reproduce and distribute copies of Plaintiff's works. CM/ECF 34-2, ¶ 2; CM/ECF 34-8, ¶ 3. The only facts of which the declarants' have been made aware have apparently come from the hearsay "How Stuff Works" article and other online articles from various websites attached as exhibits C, D, and E. Such articles do not constitute "facts or data" that "experts in the particular field would reasonably rely on . . . in forming an opinion on the subject[.]" *Id.* Indeed, all of the foregoing are mere internet articles from various websites. As such, the declarants' testimony is inadmissible.

Further, if this Court were to accept the erroneous facts asserted by the declarants in support of their ultimate conclusions the probative value of those misstatements would be substantially outweighed by the prejudicial effect on Plaintiff. Indeed, erroneous facts from unreliable sources that purportedly support the conclusion that Kickass Torrents is liable for the infringement and not Defendant prejudices Plaintiff's ability to succeed on the merits based upon actual facts and the Defendant's admission of liability. In short, the erroneous misstatements

could potentially create the appearance of a genuine issue of material fact when there is none.

### D. The Declarations Contain Improper Speculation

Speculation and conjecture is improper in opposing a motion for summary judgment. *See e.g. Bowman v. Skyview Apartments*, 2008 WL 4449922, at *3 (M.D. Tenn. 2008) (*quoting Lewis v. Philip Morris, Inc.,* 355 F.3d 515, 533 (6th Cir.) for the statement that "[i]n order to survive a motion for summary judgment, the non-moving party must be able to show sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy.")) Here, both declarations contain improper speculation. Both declarations speculate as to how the Kickass Torrents website began and developed. *See* CM/ECF 34-2, at ¶ 5; CM/ECF 34-8, at ¶ 6 ("More specifically, it is likely that Kickass Torrent began by . . . ."); CM/ECF 34-2, at ¶ 6; CM/ECF 34-8, at ¶ 7 ("Then, Kickass Torrent created a website . . . ."). They also speculate as to what other BitTorrent users may or may not know with regard to the torrent website and the operation of the BitTorrent protocol. *See* CM/ECF 34-2, at ¶ 8; CM/ECF 34-8, at ¶ 9. *See also* CM/ECF 34-2, at ¶ 10; CM/ECF 34-8, at ¶ 11 ("[m]any such customers will have no idea that the movie is pirated."); CM/ECF 34-2, at ¶ 11; CM/ECF 34-8, at ¶ 12 ("[w]hile there are likely some computer savvy customers who know they are obtaining a pirated movie . . . there are many users who have no idea . . . .") The declarants' speculation is improper and should be stricken.

### E. The Declarations Contain Improper *Ad Hominem* Attacks on Plaintiff

Both declarations contain improper *ad hominem* attacks on Plaintiff that should be stricken. Indeed, Kelly asserts absent any factual basis whatsoever, that he is of the "opinion that Malibu Media has effectively created an extortion scheme to attack individual consumers of content, and force them to pay sums of money, by threatening legal action. Malibu Media is

essentially a Copyright Troll trying to make money from suit[]s instead of selling their products." CM/ECF 34-2, at ¶ 13. Similarly, Smith claims that "[a] legitimate copyright owner would be going after the tracker provider of BitTorrent pirated movies" and that in his opinion, "Malibu Media prefers to use Kickass Torrent as a 'honey pot' to trap unwary consumers . . . to try to scare the Don Buis of the world into paying a large sum of money . . . [and] Malibu Media . . . is not interested in getting the content removed . . . ." CM/ECF 34-8, at ¶¶ 13, 14. None of the foregoing is grounded in fact and the purported experts' assertions of baseless speculation constituting improper *ad hominem* attacks should be stricken. To the extent that such assertions are purportedly based upon their respective exhibits C, D, and E the exhibits are inadmissible hearsay and cannot form a factual basis for the declarants' offensive assertions. *See id.* The relevant exhibits consist of mere articles printed from the Internet without any attempt at substantiation or validation whatsoever and therefore, they should be stricken as well.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court enter an order striking the Kelly and Smith Declarations filed in support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment.

Dated: July 8, 2014

                                                  Respectfully submitted,

                                                  NICOLETTI LAW, PLC

By:   /s/ *Paul J. Nicoletti*
       Paul J. Nicoletti, Esq. (P-44419)
       33717 Woodward Ave, #433
       Birmingham, MI 48009
       Tel: (248) 203-7800
       E-Fax: (248) 928-7051
       Email: pauljnicoletti@gmail.com
       *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

  I hereby certify that on July 8, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

         By:  /s/ *Paul J. Nicoletti*