UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF MICHIGAN

MALIBU MEDIA, LLC )
)
Plaintiff, ) Civil Action No. 1:13-cv-00162-RJJ
)
v. )
)
DON BUI a/k/a HUY H. BUI )
)
Defendant. )
_____ )

**DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT ORDER OF JULY 21, 2014**

In granting Summary Judgment that Don Bui made unauthorized copies of Plaintiff's works, the Court erroneously relied on the following arguments by Plaintiff:

1.      Defendant participated in creating unauthorized copies and getting the infringing files on his computer by installing and using BitTorrent technology (Order, p. 2);

2.      The BitTorrent software allowed "Defendant to create the unauthorized copy ...."(*Id*, emphasis added); and

3.      "Defendant's use of [the] software creates a new and unauthorized copy ...." (*Id*, emphasis added).

It is an error of fact and law to hold that one can be guilty of creating unauthorized copies, based on the installation and use of BitTorrent technology. BitTorrent technology has non-infringing uses. BitTorrent technology can be used to create authorized copies of copyrighted works. KickAss Torrent confirms this by offering to remove any infringing works when requested to do so by the copyright proprietor. Other "Legal Uses" of Bit Torrent software are set forth on pages 2 and 3 of Exhibit K to Defendant's Reply to Plaintiff's Motion to Strike.

1

Thus, it is error to find that Defendant participated in infringement "by installing and using BitTorrent technology."

The statement that "BitTorrent allowed <u>Defendant</u> to create the unauthorized copy" is a conclusory statement, not a factual statement. It is factually correct that the BitTorrent software did allow the creation of unauthorized copies on Defendant's computer. However there is a factual issue as to whether "Defendant created the unauthorized copy or KickAss Torrent created the unauthorized copy." That is the very issue to be determined, and it is error to conclude that the presence of BitTorrent software on Defendant's computer "allowed Defendant" to create an unauthorized copy.

Finally, the statement that "Defendant's use" of software creates an unauthorized copy of a protective work again begs the very factual issue involved in this case. "Who used the software to create an unauthorized copy, Defendant or KickAss Torrent?

Defendant did two things in this case:

1.    Defendant allowed his friend to place BitTorrent software, which has non-infringing uses, on his computer;

2.    Defendant ordered movies.

Defendant did no other action in connection with the creation of copies of movies on his computer. He cannot be said to have made copies of infringing movies simply because he put BitTorrent software on his computer, since BitTorrent software has non-infringing uses. He cannot be said to have made unauthorized copies of a movie merely because he ordered those copies.

The only way that copies of those movies were made on his computer is through the instructions sent to his computer by KickAss Torrent. KickAss Torrent could have sent

instructions to make authorized copies of copyrighted movies. Instead, KickAss Torrent sent instructions to make unauthorized copies of copyrighted movies.

The Court's reliance on Plaintiff's arguments creates a palpable defect in the Court Order, which requires a different disposition of this case. Reversal of the Order and denial of the Motion for Summary Judgment is respectfully solicited.

Respectfully submitted,

MITCHELL INTELLECTUAL PROPERTY LAW, PLLC

By: _____/s/ James A. Mitchell_____

James A. Mitchell (P17832)
1595 Galbraith Avenue SE
Grand Rapids, MI 49546
Tel: 616/965-2430
Cell: 616/540-2677
Email: jamitchell@mitchelliplaw.com

Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties though this system.

By: _____/s/ James A. Mitchell_____
James A. Mitchell